UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 17 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,     )
                              )
         v.                   )     CR. No. 01-097-01 (ESH)(AK)
                              )
                              )
RONALD DIXON,                 )
                              )
         Defendant.           )
_____)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge by the Honorable Ellen Segal Huvelle, for a Hearing on Violation of supervised release and a Report and Recommendation.

### Background

On January 24, 2003, the Defendant was sentenced to a term of 37 months incarceration on each of two counts following his plea of guilty to Unlawful Possession With Intent to Distribute Cannabis, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(D), and Unlawful Possession of Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. §922(g)(1). In addition to the period of incarceration, the Defendant was sentenced to a three-year term of supervised release on each count concurrent. The trial court imposed the following special conditions: 1) payment of a $100 special assessment on each count; 2) participation in drug testing and treatment; and 3) direction that the Defendant inform his current employer and any future employers and employment agencies of his conviction on these

12 Request for Course of Action on March 22, 2006, specifically identifying the alleged violations of Mr. Dixon's supervised release.

### Hearing on Violation of Supervised Release

A hearing on the alleged violations of the conditions of supervised release was held before the undersigned on May 2, 2006. Mr. Dixon was represented by counsel. At the hearing, the Probation Officer stated on the record the alleged violations of Mr. Dixon's supervised release, as more fully explained in the March 22, 2006 Memorandum to the trial court. At the hearing, the Defendant, through counsel, acknowledged his failure to report his prior convictions to his prospective employers. The Defendant is an operating room nurse and surgical assistant and claims that hospitals would not hire him in light of his prior criminal record. The Court was also advised by Defendant's counsel that Mr. Dixon was currently working for a temporary agency that provided medical staff, including nurses and surgical assistants, to various hospital facilities in need of temporary help. The temporary agency was aware of Defendant's prior criminal record and had recently obtained a contract with a Hagerstown, Maryland hospital that could guarantee thirteen weeks of steady employment for Mr. Dixon, with the opportunity for an additional thirteen weeks employment.

The undersigned urged the Supervising Probation Officer, defense counsel, and Government counsel to meet and confer, with a view to mutually agreeing on the type of sanction that could be recommended to the trial court, in light of the potential 26 weeks employment under the temporary agency's contract with the Hagerstown, Maryland hospital. It was believed that if Mr. Dixon performed successfully as a surgical assistant and operating room nurse with the Hagerstown hospital for a period of 26 weeks, the hospital would be willing to extend him a

with the conditions set forth by the trial court, namely that the hospital be advised of his prior criminal conduct. The hospital may elect to extend Mr. Dixon's employment based on the quality of services provided by Mr. Dixon as a temporary employee. In light of Mr. Dixon's current temporary employment and potential permanent employment, the parties and the undersigned recommend that the trial court modify the terms and conditions of Mr. Dixon's supervised release to include a requirement that he perform community service as a sanction for the violation of his supervised release. The undersigned recommends to the trial court that the number of community service hours should be closer to 200 hours as opposed to the Defendant's suggestion that it not exceed 100 hours.

Dated: July 14, 2006

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE


If the trial court concurs with the above recommendation, such concurrence can be indicated by signing below.

The trial court concurs with the recommendation set forth above and directs that the terms and conditions of the Defendant's supervised release be modified to include a period of 200 hours community service at the direction of the Probation Office.

Dated: 7/17/06, 2006

_____
HONORABLE ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT JUDGE